UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CALANA SL,

                    Plaintiff,

                                                                                    08 Civ. 520 (CM)(AJP)

     v.

MADISON ADMINISTRATIVE SERVICES, INC.
and P.M.H. INTERNATIONAL, INC.
also d/b/a HELLE COMFORT,

                    Defendants.
------------------------------------------------------------------x

## ANSWER AND COUNTERCLAIM

Defendants MADISON ADMINISTRATIVE SERVICES, INC. ("Madison") and P.M.H. INTERNATIONAL, INC. d/b/a HELLE COMFORT ("Helle"), by their attorneys, for their Answer to the Complaint and their Counterclaims, state:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶1 of the Complaint.

2. Defendants admit that Madison is a New York corporation with a place of business located at 232 Madison Avenue, Suite 1307, New York, New York, and that it is engaged in the performance of financial and administrative services for its clients and denies all other allegations set forth at ¶2 of the Complaint.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶4 of the Complaint that plaintiff is a citizen of the Kingdom of Spain.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶5 of the Complaint.

5. Defendants admit the allegations of ¶7 of the Complaint to the extent that during the period February 21, 2005 to July 28, 2005 defendants ordered shoes from plaintiff which were to be manufactured to specifications of defendants and to bear the brand identification "Helle Comfort" and denies all other allegations set forth at said ¶7.

6. Defendants admit the allegations of ¶8 of the Complaint to the extent that during the period from February 21, 2005 to October 21, 2005 Plaintiff shipped a quantity of shoes to defendants, and denies all other allegations set forth at said ¶8.

7. Defendants deny each and every allegation contained in ¶9 of the Complaint except to the extent admitted at ¶¶7 and 8 hereinabove.

8. Defendants admit that defendants made certain payments to plaintiff, including but not limited to the sum of $86,282.47 as set forth in ¶10 of the Complaint and denies all other allegations set forth at said ¶10.

9. Defendants deny each and every allegation contained in ¶11 of the Complaint.

10. Defendants deny each and every allegation contained in ¶12 of the Complaint.

11. Defendants admit the allegations of ¶14 of the Complaint to the extent that during the period February 21, 2005 to July 28, 2005 defendants ordered shoes from plaintiff which were to be manufactured to specifications of defendants and to bear the brand identification "Helle Comfort" and denies all other allegations set forth at said ¶14.

12. Defendants deny each and every allegation contained in ¶15 of the Complaint.

13. Defendants admit the allegations of ¶16 of the Complaint to the extent that during the period September 23, 2005 to October 21, 2005, plaintiff shipped a quantity of shoes to defendants and denies all other allegations set forth at said ¶16.

14. Defendants deny each and every allegation contained in ¶17 of the Complaint.

15. Defendants deny each and every allegation contained in ¶18 of the Complaint.

16. Defendants deny each and every allegation contained in ¶19 of the Complaint.

17. Defendants deny each and every allegation contained in ¶21 of the Complaint.

18. Defendants admit that defendants made certain payments to plaintiff, including but not limited to the sum of $86,282.47 as set forth in ¶22 of the Complaint and denies all other allegations set forth at said ¶22.

19. Defendants deny each and every allegation contained in ¶23 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20. Upon information and belief, plaintiff is an entity created under the laws of a nation other than the United States but has failed to obtain the requisite license and/or other authority to conduct business in New York State and/or the United States of America and accordingly is without standing to maintain this action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. Upon information and belief, if the transactions which constitute the subject of this action are governed by the provisions of the United Nations Convention on the International Sale of Goods ("CISG") as alleged in the Complaint herein, plaintiff's claims herein are barred in accordance with the provisions of said CISG, including but not limited to §§25, 33, 35, 36, 46, 49, 73 and 74 thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. Plaintiff has failed to take such measures as are reasonable and necessary in the circumstances to mitigate any losses which plaintiff may have sustained by reason of the matters referred to in the Complaint herein.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

23. Prior to February 2005, the parties had entered into a series of transactions over the course of a number of years pursuant to which plaintiff agreed to and did manufacture shoes to specifications of Madison and Helle.

24. In connection with and as a result of such course of transactions, plaintiff knew and should have known:

    A. That such shoes were required to conform to the specifications provided by Madison and Helle therefor and/or otherwise expressly agreed upon among the parties;

    B. That such shoes were required to be fit for the purposes for which goods of similar kind and description would ordinarily be used and for the purposes for which such shoes were intended;

    C. That such shoes were required to be fully merchantable and of a high quality level, consistent with and customary for the prices at which such shoes were intended to be sold;

    D. That such shoes were to be sold by Madison and Helle to United States-based major department stores and specialty stores ("Retailers") for resale to such Retailers' customers; and

    E. That such shoes were required to be delivered to Madison and Helle at or before the dates specified and/or agreed for delivery thereof, in order to permit timely sale and delivery by Madison and Helle to the subject Retailers in accordance with the seasonal requirements of such Retailers therefor.

25. During the period commencing February 21, 2005 and continuing through July 25, 2005, Madison and Helle and plaintiff entered into a series of further such transactions pursuant to which

plaintiff agreed to manufacture shoes (hereinafter sometimes referred to as "the 2005 merchandise") to specifications provided by Madison and Helle therefor and/or agreed upon among the parties and otherwise conforming to the requirements referred to in paragraph 26 hereinabove.

26. Plaintiff thereafter manufactured and shipped to Madison and Helle shoes which plaintiff represented to be fully in conformity with all of the above referred to requirements for the 2005 merchandise.

27. Upon receipt of the first few shipments of the 2005 merchandise, Madison and Helle (a) commenced reshipment of portions thereof to Retailers who had ordered such shoes and (b) contemporaneously commenced inspection of other portions thereof. Upon such inspection, Madison and Helle discovered that contrary to and in breach of plaintiff's representations, agreements and performance obligations regarding the same:

    A. The 2005 merchandise did not conform to the specifications required therefor;

    B. The 2005 merchandise was not fit for the purposes for which such goods would ordinarily be used and for which the same were intended; and that

    C. The 2005 merchandise was not merchantable or of the quality level required therefor.

28. Shortly thereafter, Retailers to whom quantities of the 2005 merchandise had been delivered asserted claims that such 2005 merchandise was defective and failed to meet the specifications and requirements therefor ("Retailer Claims").

29. Upon discovering the nonconformity of such goods and the aforesaid breaches by plaintiff, Madison and Helle provided notice to plaintiff to such effect and of the assertion of such Retailer Claims.

30. Plaintiff thereupon dispatched its representatives to attempt to repair, remedy or cure such defective 2005 merchandise, but plaintiff's representatives were unable to repair, remedy or cure such problems.

31. Madison and Helle thereafter returned to plaintiff such defective 2005 merchandise which then remained in their possession and control and demanded that plaintiff accept such returns and issue credit for the full invoice price of all such defective 2005 merchandise and shipping and for related expenses incurred by Madison and Helle in connection therewith. Notwithstanding the failure of such 2005 merchandise to conform to the requirements thereof and plaintiff's breaches of its representations, agreements and performance obligations with respect thereto, plaintiff has wholly refused and failed to issue credit therefor.

32. Plaintiff thereafter proffered delivery of further quantities of the 2005 merchandise. Madison and Helle rejected such proffered delivery upon the grounds that such remaining quantities of said 2005 merchandise were reasonably believed to be subject to the same defects and breaches of representations, agreement and performance obligations as the quantities theretofore received and inspected and upon the further ground that such proffered deliveries were later than the dates required for delivery thereof.

33. Madison and Helle also requested that plaintiff join and cooperate in the settlement of said Retailers Claims but plaintiff wholly refused and failed to do so. Madison and Helle thereafter issued credits and allowances to said Retailers in an attempt to mitigate the damages resulting from plaintiff's breaches of its representations, agreements and performance obligations with respect thereto, in amounts which were reasonably believed to be less than the expenses and damages which would otherwise have been collectively incurred by defendants and plaintiff in the absence of an

agreed upon compromise resolution of such Retailer Claims. Madison and Helle thereafter demanded that plaintiff reimburse Madison and Helle with respect to such credits and allowances issued by Madison and Helle to such Retailers but plaintiff wholly refused and failed to do so.

34. By reason of all of the aforesaid, including (i) payments actually made by Madison and Helle to plaintiff (including amounts acknowledged in the Complaint herein to have been received by plaintiff and additional amounts paid by Madison and Helle but not so acknowledged), (ii) amounts charged back by Madison and Helle to plaintiff for goods and merchandise returned to plaintiff and/or as to which proffer of delivery was refused and rejected due to the nonconformity of such goods to the requirements of the agreement between the parties and/or late delivery thereof, and (iii) amounts reasonably, properly and necessarily credited and/or allowed by Madison and Helle to Retailers as a result of the nonconformity of such goods, Madison and Helle have fully paid and/or satisfied all obligations on their parts to have been performed pursuant to all agreements between the parties.

35. The reputations of Madison and Helle with Retailers with respect to the quality of merchandise sold by Madison and Helle to such Retailers was substantially impaired by plaintiff's said breaches of its representations, agreements and performance obligations and by its refusal to cooperate and join in resolution of the Retailer Claims asserted with respect thereto. As a result thereof, the volume of business thereafter transacted between Madison and Helle on the one hand and said Retailers on the other hand was significantly diminished, resulting in substantial losses of revenues and profits by Madison and Helle.

36. Madison and Helle have thereby sustained substantial damages, including credits issued by Madison and Helle to Retailers directly related to the defective 2005 merchandise and further

losses of profits in amounts currently estimated to be in excess of $1,000,000. Madison and Helle have demanded that plaintiff reimburse them for the damages sustained by them but plaintiff has wholly refused and failed to do so.

WHEREFORE, defendants Madison Administrative Services, Inc. and P.M.H. International, Inc. demand judgment dismissing the Complaint herein and affirmatively awarding judgment in favor of defendants and against plaintiff Calana SL on the Counterclaim in the sum of $1,000,000.00 with interest from September 23, 2005 and the costs and disbursements of this action.

Dated: New York, New York
      April 15, 2008

                                  VAIL & SCHNEIDER, P.C.
                                  Attorneys for Defendants

                                  By s/ _____
                                      Warren A. Schneider (WS3136)
                                  275 Madison Avenue - Suite 1100
                                  New York, New York 10016
                                  212-697-0808


TO:    BALLON STOLL BADER & NADLER, P.C.
          Attorneys for Plaintiff
          1450 Broadway
          New York, NY 10018
          212-575-7900

and    CLERK, UNITED STATES DISTRICT COURT
          500 Pearl Street
          New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
2008 Civ. 520 (CM)(AJP)
===========================================================

CALANA SL,

Plaintiff,

vs.

MADISON ADMINISTRATIVE SERVICES, INC. and
P.M.H. INTERNATIONAL INC. also d/b/a HELLE COMFORT,

Defendants.
===========================================================

## ANSWER AND COUNTERCLAIM
===========================================================

Vail & Schneider, P.C.
Attorneys for Defendants
275 Madison Avenue, Suite 1100
New York, NY 10016
Telephone: 212-697-0808
===========================================================

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2008, I electronically filed the within Answer and Counterclaim with the Clerk of the District Court using the CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Susan Schneiderman, Esq.
Ballon Stoll Bader & Nadler, PC
729 Seventh Avenue, 17th Floor
New York, NY 10019-6887

Dated: New York, New York
April 15, 2008

/s/ Warren A. Schneider
WARREN A. SCHNEIDER (WS3136)
wschneider@vs-law.com
VAIL & SCHNEIDER, P.C.
Attorneys for Defendants
275 Madison Avenue - Suite 1100
New York, New York 10016
212-697-0808